**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATTHEW ORVIS, ON BEHALF OF**
**HIMSELF AND THOSE SIMILARLY**
**SITUATED,**

                      **Plaintiffs,**

**-vs-**                                                  **Case No.  6:07-cv-498-Orl-28DAB**

**TRIPLE ACE INVESTMENTS, LLC,**

                      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO DISMISS COMPLAINT AS A CLASS ACTION (Doc. No. 8)**
>
> **FILED:**      **April 30, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant seeks to dismiss the Complaint, to the extent it pleads a class action, for non-compliance with the class action requirements set forth in Fed. R. Civ. P. 23. As correctly pointed out by Plaintiff in his response memorandum (Doc. No. 12) however, this action is not pled as a Rule 23 class action, but rather, a collective action under the Fair Labor Standards Act. As such, the motion must be **denied.**

## *STANDARD OF REVIEW*

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff, *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## *ISSUES AND ANALYSIS*

Defendant contends that the allegations in the Complaint relating to "those similarly situated" imply that Plaintiff is intending for the suit to proceed as a class action under Rule 23, and that the Complaint must be dismissed to the extent it states a class action, for failure to satisfy the numerosity requirement of Rule 23(a)(1) and failure to provide the necessary class action allegations under Local Rule 4.04(a). Defendant has misconstrued the nature of the action.

Plaintiff has alleged that he is an hourly paid clerical employee, and brings this action "for unpaid overtime compensation, declaratory relief, and other relief "under the Fair Labor Standards Act, as amended ("the FLSA") (Doc. No. 1). Title 29 U.S.C.§ 216(b) provides a right of action to recover unpaid minimum wages, unpaid overtime compensation, and for other relief if retaliation is at issue. The Act provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself *or themselves and*

> *other similarly situated.* No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.§ 216(b)(emphasis added).  Unlike the mandatory "opt out" nature of a class action under Rule 23, FLSA provides an optional opportunity for other employees to "opt in."  Thus, these actions are collective actions, not traditional class actions.

In *Hipp v. Liberty National Life Insurance Company*, 252 F.3d 1208 (11th Cir. 2001), the Eleventh Circuit recommended that district courts utilize a two-stage process to certify a collective action under FLSA. The first step is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members. *Id*. at 1218.  If the district court conditionally certifies the collective class, putative members are given notice and a chance to opt in. *Hipp* at 1218.  The action proceeds as a representative action through discovery. A second determination is usually made after a motion for decertification is made by the Defendant. At the second stage, the district court must determine if the plaintiffs are "similarly situated." *Id*. at 1217. If so, the action proceeds to trial as a representative action. If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice. The case proceeds on the individual claims of the original plaintiffs. *Id*. at 1218.

As is clear, a collective action under FLSA is different than a traditional class action, and is therefore not governed by Rule 23.  Defendant's contention that the case may not proceed with less than twenty one plaintiffs is incorrect as no such requirement is set forth in FLSA.  Moreover, any contention that the action should not proceed collectively is more properly addressed after the Notice stage.  While this action is not yet at that stage, once there "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v.*

-3-

*K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (internal quotations and citations omitted). "[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination." *Id.* at 1097 (internal citations omitted). "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* at 1097 (same). Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation. *Guerra v. Big Johnson Concrete Pumping, Inc.,* 2006 WL 2290512 (S.D. Fla. May 17, 2006). *See also Tyler v. Payless Shoe Source, Inc.,* 2005 WL 3133763, *3 (M.D. Ala. Nov. 23, 2005) (three to five consents to join were sufficient to establish that others desired to opt in, but denying motion to facilitate class notice). Any contentions by Defendant that others are not similarly situated is premature at this point.

Of course, not every FLSA complaint that initially purports to state a collective action actually proceeds collectively. In many circumstances, the Court is not asked to give notice (or such request is denied) and no additional opt in Plaintiffs join in. In such circumstances, the case proceeds to resolution solely on the claim of the named Plaintiff. It is too early in this matter to determine if this case is such a case. For present purposes, however, Plaintiff has adequately plead the requirements of a collective action and no grounds exist to dismiss the Complaint.

## *CONCLUSION*

It is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 17, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy