# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MATTHEW ORVIS, ON BEHALF OF**
**HIMSELF AND THOSE SIMILARLY**
**SITUATED,**

                           **Plaintiffs,**

**-vs-**                                                    **Case No.  6:07-cv-498-Orl-28DAB**

**TRIPLE ACE INVESTMENTS, LLC,**

                           **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration following a fairness hearing on this motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 48)** |
| **FILED:** | April 11, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

According to the Complaint, Plaintiff was due unpaid overtime wages from his employer, alleged to be Defendant. The parties represented at hearing that, following discovery, it was learned that no monies were actually due Plaintiff. The parties settled for Plaintiff receiving $250.00 and his counsel receiving $1,250.00, a sum far less than the fees and costs incurred in the case. For the reasons set forth herein, the Court finds this to be a fair and reasonable settlement of the Fair Labor Standards Act claim, and therefore recommends that the Court approve the same.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Here, as there is no dispute that Plaintiff, in fact, was not entitled to any award, the settlement is necessarily in his best interest and generous, under the circumstances. It is **respectfully recommended** that the motion be **granted,** the settlement be **approved, and the Complaint be dismissed, with prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 22, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy